Stenly PALIT, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75612.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Esq., Saul E. Greenstein, Esq., U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Stenly Palit, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny in part and grant in part the petition for review.

Substantial evidence supports the IJ's denial of asylum relief because petitioner failed to demonstrate that he has a well-founded fear of future persecution. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (explaining that "mere generalized lawlessness and violence between diverse populations" is insufficient to grant asylum).

Because petitioner failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.* at 971.

Substantial evidence also supports the IJ's denial of relief under CAT. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122–23 (9th Cir.2004).

Finally, the IJ granted voluntary departure for a 62–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 62–day voluntary departure period.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**